IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: JODY JANE MYERS, | : | CIVIL ACTION NO. 16-101 |
| | : | |
| Appellant. | : | BANKRUPTCY NO. 15-17911(SR) |

**MEMORANDUM OPINION**

Smith, J.                                                                                                              March 15, 2016

The *pro se* appellant appeals from an order of the bankruptcy court granting relief from the automatic stay under 11 U.S.C. § 362.  Upon the transmission and filing of the original bankruptcy record, the court ordered the appellant to show cause why the court should not dismiss the appeal for (1) lack of subject-matter jurisdiction because she filed an untimely notice of appeal, or (2) the failure to designate the contents of the record on appeal.  The appellant has declined to respond to the order to show cause, which the court has interpreted as indicating that she is unopposed to the court dismissing this action.  Because the appellant's notice of appeal is untimely, the court will dismiss this action for lack of subject-matter jurisdiction.

## I.  PROCEDURAL HISTORY

The *pro se* appellant, Jody Jane Myers, filed a voluntary petition in bankruptcy under Chapter 13 of the Bankruptcy Code on November 4, 2015.  *In re: Jody Jane Myers*, No. 15-17911-sr, Doc. No. 1.  On that same date, United States Bankruptcy Judge Stephen Raslavich entered an order informing the appellant that the bankruptcy court may dismiss the case without further notice if she did not file certain required documents within the deadlines set forth in the order.  *In re: Jody Jane Myers*, No. 15-17911-sr, Doc. No. 6.  On November 12, 2015, Judge Raslavich entered an order granting the appellant's request for additional time to file all of the missing documents.  *In re: Jody Jane Myers*, No. 15-17911-sr, Doc. Nos. 8, 10.

Wells Fargo Bank, N.A., through its servicer, filed a motion for relief from the automatic stay under 11 U.S.C. § 362 on November 13, 2015.[1] *In re: Jody Jane Myers*, No. 15-17911-sr, Doc. No. 11. On December 4, 2015, the appellant filed multiple documents including, *inter alia*, a letter seeking more time to file the required documents and a response to the motion for relief from the stay.[2] *In re: Jody Jane Myers*, No. 15-17911-sr, Doc. Nos. 21-23.

Judge Raslavich held a hearing on the motion for relief from the automatic stay on December 9, 2015. *In re: Jody Jane Myers*, No. 15-17911-sr, Doc. No. 24. After the hearing, Judge Raslavich entered an order granting the motion for relief from the automatic stay. *In re: Jody Jane Myers*, No. 15-17911-sr, Doc. No. 25.[3] On December 11, 2015, Judge Raslavich entered an order (1) denying the appellant's second motion for extension of time to file required

---

[1] According to the motion, Wells Fargo Bank held a mortgage over premises located at 824 Scholl Road, Pottstown, PA 19465. *In re: Jody Jane Myers*, No. 15-17911-sr, Doc. No. 11. Wells Fargo Bank claimed that it became the owner of the premises after a foreclosure and judicial sale on March 20, 2014, with the ownership transfer being reflected in a Sheriff's deed recorded on June 2, 2014. *Id.* Wells Fargo Bank sought relief from the automatic stay to initiate eviction proceedings. *Id.*

[2] In her response to the motion, some of the appellant's statements included: (1) "[I] a woman require a special appearance of $5,000.00 to appear in advance[;]" and (2) "[S]how how Mr[. &] Mrs. Wells Fargo is the movant." *In re: Jody Jane Myers*, No. 15-17911-sr, Doc. No. 22. In addition, she stated:

> [I]: a woman; require wells fargo to show up and verify his/her claim against me so [I] may cross examine my accuser (the plaintiff must appear) and compensate him/her for any harm [I] may have caused. If this man/woman that goes by the name 'wells fargo' cannot show up to verify his/her claim require this matter immediately discharged. It is my belief there is no man/woman named wells fargo who can verify this claim by uttering with his/her voice I've done wrong or caused him/her personal harm, injury, or loss, therefore pressing it upon the record in [] court. It is also my belief, that someone is filing complaints (false claims) on behalf of this entity known as the wells fargo in an attempt to unjustly enrich themselves and the wells fargo and deprive me of my property without due process of law. If this matter is not immediately discharged, proper and verifiable (trespasses being: filing false claims, barratry [sic], malicious prosecution, unjust enrichment, theft, robberty, etc.). in which [I] will be requiring compensation for the trespasses and wasting my valuable time, money, and resources having to deal with this complaint, as I do not have time to answer complaints without compensation and this time I also require and order the immediate restoration of my property and one dollar per second from the commencement of the crime till my property is restored."

*In re: Jody Jane Myers*, No. 15-17911-sr, Doc. No. 23 at p. 1.

[3] It appears that although the order is dated on December 9, 2015, the clerk of the bankruptcy court did not enter it on the docket until December 11, 2015. The docket indicates that the bankruptcy clerk of court sent the order to the appellant via first-class mail on December 13, 2015. *In re: Jody J. Myers*, Bankr. No. 15-17911-sr, Doc. No. 28.

documents, and (2) dismissing the case for the appellant's failure to file the required documents. *In re: Jody Jane Myers*, No. 15-17911-sr, Doc. Nos. 26, 27.[4]

The appellant filed a notice of appeal on January 4, 2016. *In re: Jody Jane Myers*, No. 15-17911-sr, Doc. No. 30. In the notice, the appellant indicated that she was appealing from the bankruptcy court's order entered on December 9, 2016.[5] *Id.*

The notice of appeal was docketed with the clerk of this court on January 11, 2016. Doc. No. 1. The clerk of court received the original bankruptcy court record on February 2, 2016. Doc. No. 2. On February 12, 2016, the court entered an order requiring the appellant to show cause why the court should not dismiss the appeal for lack of subject-matter jurisdiction because it appeared that she had filed an untimely notice of appeal. Order to Show Cause, Doc. No. 3. In addition, the court pointed out that the appellant had failed to file a designation of the contents for inclusion in the record on appeal with the bankruptcy court as required by Rule 8009(a) of the Federal Rules of Bankruptcy Procedure. *Id.* The order indicated that the appellant had until March 4, 2016, to file a response to the order to show cause and a designation of the contents for inclusion in the record on appeal. *Id.* With respect to the issue of the court's subject-matter jurisdiction, the order also informed the appellant that if she did not file a response, "the court will interpret this failure as an indication that the appellant is unopposed to dismissal of this action." *Id.* The appellant did not file a response or designation of the contents for inclusion in the record on appeal by March 4, 2016. In addition, despite the court providing more than a week of additional time to see if the clerk of court received a belated response from the appellant, it appears that she has not filed any documents in response to the order to show cause.

---

[4] The bankruptcy court filed two copies of the order. The bankruptcy clerk of court also sent a copy of this order to the appellant via first-class mail on December 13, 2015. *In re: Jody Jane Myers*, No. 15-17911-sr, Doc. No. 29.

[5] There is no indication in the notice of appeal or even in a subsequently-filed document that the appellant labeled as a "Notice of Amend," that the appellant was appealing from the bankruptcy court's December 11, 2015 order denying her motion for an extension of time and dismissing the Chapter 13 bankruptcy petition. *In re: Jody Jane Myers*, No. 15-17911-sr, Doc. Nos. 30, 35.

## II.     DISCUSSION

As explained in the order to show cause, 28 U.S.C. § 158 governs the jurisdiction of district courts to hear appeals from orders of United States Bankruptcy Courts. *See* 28 U.S.C. § 158(a) (setting forth district courts' appellate authority over certain orders and judgments of bankruptcy courts). Appeals from such orders and judgments "shall be taken . . . in the time provided by Rule 8002 of the Bankruptcy Rules." *See* 28 U.S.C. § 158(c)(2). Rule 8002(a) of the Federal Rules of Bankruptcy Procedure requires that "[t]he notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from." *See* Fed. R. Bankr. P. 8002(a).

An appellant's failure to timely file a notice of appeal from the complained-of decision of the bankruptcy court implicates the district court's subject-matter jurisdiction over the appeal. *See In re Caterbone*, 640 F.3d 108, 111-13 (3d Cir. 2011) (determining that "28 U.S.C. § 158(c)(2)'s incorporation of the filing timeline in Rule 8002(a)" signifies that "the time requirement for filing a bankruptcy appeal is jurisdictional" and concluding that the district court lacked jurisdiction to hear the appellant's appeal from the bankruptcy court's order dismissing his Chapter 11 bankruptcy petition because he failed to timely file the notice of appeal); *see also In re Berman-Smith*, 737 F.3d 997, 1002 (5th Cir. 2013) ("Since the statute defining jurisdiction over bankruptcy appeals, 28 U.S.C. § 158, expressly requires that the notice of appeal be filed under the time limit provided in Rule 8002, we conclude that the time limit is jurisdictional."); *In re Latture*, 605 F.3d 830, 837 (10th Cir. 2010) (concluding that section 158(c)(2) "determin[es] jurisdiction by incorporating the time limits prescribed in Rule 8002(a)"). Additionally, "when a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented." *See Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012).

As indicated above, the appellant did not file the notice of appeal within 14 days of the complained-of order because she did not file the notice until 24 days after the court entered the complained-of order on December 11, 2015. The appellant did not seek an extension of the time to file an appeal and, in fact, she could not have sought such an extension because she only indicated that she was appealing from the order granting Wells Fargo Bank relief from the automatic stay. *See* Fed. R. Bankr. P. 8002(d)(2)(A) ("The bankruptcy court may not extend the time to file a notice of appeal if the judgment, order, or decree appealed from: **(A)** grants relief from an automatic stay under § 362 . . . of the Code[.]"). Regardless, the appellant's notice of appeal was untimely and, therefore, this court lacks subject-matter jurisdiction over this bankruptcy appeal. *See In re Caterbone*, 640 F.3d at 113.

## III. CONCLUSION

As indicated above, the appellant failed to file a timely notice of appeal from the order granting relief from the automatic stay. Accordingly, the court will dismiss this appeal because the court lacks subject-matter jurisdiction to consider its merits.[6]

A separate order follows.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

[6] In addition to not responding to the order to show cause, the appellant never filed a designation of the contents of the record to be included in the appeal. Rule 8009(a)(1) states that "[t]he appellant ***must*** file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Fed. R. Bankr. P. 8009(a)(1)(A). The appellant "must file and serve the designation and statement within 14 days after: **(i)** the appellant's notice of appeal as of right becomes effective under Rule 8002; or **(ii)** an order granting leave to appeal is entered." Fed. R. Bankr. P. 8009(a)(1)(B). The court need not address this failure because of the lack of subject-matter jurisdiction.